IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DEXTER SHAW,

   Plaintiff,

v.              CIVIL ACTION NO.: CV614-048

STATE OF GEORGIA; ROBERT
TOOLE; JOHN PAUL; and
MILTON SMITH,

   Defendants.

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Georgia State Prison in Reidsville, Georgia, has filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

AO 72A
(Rev. 8/82)

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under § 1915(g): Shaw v. Thomas, CV692-82 (S.D. Ga. Aug. 5, 1992) (failure to follow Court order); Shaw v. Smith, CV603-66 (S.D. Ga. Aug, 28, 2003) (sanction for lying about the existence of previous strike and a previous federal case concerning the same facts); and Shaw v. Smith, CV603-133 (S.D. Ga. Apr. 26, 2005) (failure to comply with Court order).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases or appeals which qualify as strikes under section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).[1]

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). As noted by the Court, "a prisoner's allegation that he faced imminent

---

[1] The undersigned notes the Honorable B. Avant Edenfield's directive that Plaintiff's filings are to be scrutinized using a "28 U.S.C. § 1915(g)-plus" treatment. Case Number CV605-39 (Doc. No. 17). This treatment prevents a serial filer from proceeding with a cause of action, without paying all outstanding monies owed the Court, except in criminal cases and in petitions challenging terms of the serial filer's confinement. Heard v. Wetherington, CV602-107 (Doc. Nos. 9, 14) (citing Sloan v. Lesza, 181 F.3d 857, 859 (7th Cir. 1999)). A serial filer's "plus" treatment is to be revisited every two (2) years. Id. Plaintiff has not filed a cause of action in this Court since 2005. However, Plaintiff's Complaint must be scrutinized due to his status as a serial filer.

danger sometime in the past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id.

Plaintiff contends that Defendants Toole, Paul, and Smith have been denying him access to a nutritionally adequate diet because Plaintiff cannot eat many items, such as animal flesh and byproducts, based on his religious beliefs. Plaintiff asserts that he has lost 20 pounds, his organs are deteriorating, he is experiencing headaches and vomiting, and is being denied adequate nutrition. Plaintiff also asserts that his inability to eat a diet in accordance with his religious beliefs has caused mental anguish and the loss of spiritual growth and blessings. Plaintiff contends that Defendants' actions have violated his right to religious exercise and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA"). Plaintiff also names the State of Georgia as a Defendant.

At the time this Complaint was filed, Plaintiff had brought at least three cases or appeals which constitute strikes under § 1915(g). Plaintiff has not shown how he was in imminent danger of serious physical injury at the time he signed his Complaint on May 15, 2014. Plaintiff should not be considered to meet the exception to the three strikes rule. Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**. Plaintiff's claims should be **DISMISSED**, without prejudice. If Plaintiff wishes to proceed with this action, he should be required to submit a complaint along with the full filing fee.

Plaintiff has also filed a motion for a temporary restraining order and preliminary injunction. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the

injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to an injunction. Plaintiff's Motion should be **DENIED**.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of June, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)