# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DEXTER SHAW,

    Plaintiff,

v.

STATE OF GEORGIA; ROBERT
TOOLE; JOHN PAUL; and
MILTON SMITH,

    Defendants.

CIVIL ACTION NO.: CV614-048

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison in Reidsville, Georgia, filed a cause of action, as amended, pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc, *et seq.*, contesting certain conditions of his confinement. Plaintiff filed a Motion to Amend and an Amended Complaint. After review, Plaintiff's Motion is **GRANTED**, and the undersigned's Report and Recommendation is **vacated**. The undersigned enters the following Order and Report and Recommendation after review of Plaintiff's Amended Complaint.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act,

28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that Defendants Toole, Paul, and Smith have been denying him access to a nutritionally adequate diet because Plaintiff cannot eat many items, such as animal flesh and byproducts, based on his religious beliefs. Plaintiff asserts that he has lost 20 pounds, his organs are deteriorating, he is experiencing headaches and vomiting, and is being denied adequate nutrition. Plaintiff also asserts that his inability

to eat a diet in accordance with his religious beliefs has caused mental anguish and the loss of spiritual growth and blessings. Plaintiff contends that Defendants' actions have violated his right to religious exercise and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc, *et seq.* ("RLUIPA"). Plaintiff also names the State of Georgia as a Defendant. Plaintiff seeks monetary and injunctive relief.

"'The Eleventh Amendment to the Constitution bars federal courts from entertaining suits against states.'" Alyshah v. Georgia, 239 F. App'x 473, 474 (11th Cir. 2007) (quoting Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs, 405 F.3d 1298, 1302 (11th Cir. 2005)). "[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Id. (citation omitted) (alterations in original). This Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law of equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "'Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases.'" Alyshah, 239 F. App'x at 474 (quoting Abusaid, 405 F.3d at 1303). "The Eleventh Amendment is no bar, however, where (1) the state consents to suit in federal court, or (2) where Congress has abrogated the state's sovereign immunity." Id. (citing Port Authority Trans–Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990)). As neither situation is present here, Plaintiff's § 1983 claims against the State of Georgia should be **dismissed**. Plaintiff agrees with this recommendation. (Doc. No. 21, p. 1).

AO 72A
(Rev. 8/82)

In addition, a lawsuit against a correctional officer in his official capacity is no different from a suit against the government itself; such a defendant is immune. Smith v. Fla. Dep't of Corr., 318 F. App'x 726, 728 (11th Cir. 2008) (citing Powell v. Barrett, 496 F.3d 1288, 1308 & n.27 (11th Cir. 2007)). Plaintiff's monetary damages claims against Defendants Toole, Paul, and Smith in their official capacities should be **dismissed**.

Plaintiff has also filed a motion for a temporary restraining order and preliminary injunction. Plaintiff contends that he should be provided with adequate nutrition and to have Defendants cease their allegedly retaliatory actions. To be entitled to an injunction, the movant must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunction or protective order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunction or protective order would inflict on the non-movant; and (4) the injunction or protective order would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). In this Circuit, an "injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four requisites." Horton v. City of Augustine, Fla., 272 F.3d 1318, 1326 (11th Cir. 2001). Plaintiff has not shown that he has satisfied the prerequisites in order to be entitled to an injunction. Plaintiff's Motion should be **DENIED**. However, this is not to say that any request for injunctive relief should be denied, only that Plaintiff's request for the issuance of an injunction is not appropriate at this time.

The RLUIPA provides:

No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of [Title 42], even if the burden results from a rule of general

4

applicability, unless the government demonstrates that imposition of the burden on that person-

(1) is in furtherance of a compelling government interest; and

(2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a). "Section 1997 defines an institution as a facility or institution that, among other things, 'is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State.'" Ish Yerushalayim v. United States, 374 F.3d 89, 92 (2d Cir. 2004) (quoting 42 U.S.C. § 1997(1)(A)). The "RLUIPA creates a private cause of action for a prison inmate if section 3 is violated, and further provides that the complaining party, if successful, may 'obtain appropriate relief against a government.'" Smith v. Allen, 502 F.3d 1255, 1269 (11th Cir. 2007) (quoting 42 U.S.C. § 2000cc–2(a)), and *abrogated on other grounds by* Sossamon v. Texas, ___ U.S.___, 131 S. Ct. 1651 (Apr. 20, 2011). "The phrase 'appropriate relief' in [the] RLUIPA encompasses monetary as well as injunctive relief." Id. at 1271. However, "a prisoner plaintiff's right to monetary relief is severely circumscribed by the terms of the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(sic)." Id. Section 3 of the RLUIPA (42 U.S.C. § 2000cc-1) "cannot be construed as creating a private action against individual defendants for monetary damages." Id. at 1275. Like Plaintiff's monetary damages claims against Defendants in their official capacities pursuant to § 1983, Plaintiff's monetary damages claims against Defendants under the RLUIPA are barred and should be **dismissed**. However, Plaintiff's injunctive relief claims under the RLUIPA should remain pending.

AO 72A
(Rev. 8/82)

Prisoners "retain the right to the free exercise of religion" under the First Amendment. United States v. Baker, 415 F.3d 1273, 1274 (11th Cir. 2005). As the Supreme Court has emphasized, "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." Thornburgh v. Abbott, 490 U.S. 401, 407 (1989) (quoting Turner v. Safley, 482 U.S. 78, 84 (1987)). Plaintiff arguably states a First Amendment claim against Defendants in their individual capacities.

Further, the Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard embodies the principle requiring prison officials to provide inmates with humane conditions of confinement, including nutritionally adequate food. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). Plaintiff arguably sets forth an Eighth Amendment claim against Defendants in their individual capacities.

Plaintiff arguably states colorable claims for monetary and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Defendants Toole, Paul, and Smith for alleged violations of the First and Eighth Amendments and under 42 U.S.C. § 2000cc against Defendants Toole, Paul, Smith, and the State of Georgia for alleged violations of the RLUIPA. A copy of Plaintiff's Complaint, Documents Numbered 21 and 22, Amended Complaint (doc. no. 22-1), and a copy of this Order shall be served upon Defendants Toole, Paul, Smith, and the State of Georgia by the United States Marshal without prepayment of cost. If any Defendant elects to file a Waiver of Reply, then he or it must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

AO 72A
(Rev. 8/82)

**INSTRUCTIONS TO DEFENDANTS**

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to the Defendants by first-class mail and request that the Defendants waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.7. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendants are hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). Defendants shall ensure that the Plaintiff's deposition and any other depositions in the case are taken <u>within the 140-day discovery period</u> allowed by this court's local rules.

In the event that Defendants take the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, Defendants shall notify Plaintiff of the deposition and advise him that he may serve on Defendants, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. Defendants

shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon their attorneys, a copy of every further pleading or other document submitted for consideration by the court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendants or their counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendants, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq.* Plaintiff does not need the permission of the court to begin discovery, and Plaintiff should begin discovery promptly and complete it within 120 days after the filing of the answer. Local Rule 26.1.

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a party to the litigation, and,

for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as Defendants. Interrogatories <u>shall not be filed with the court</u>. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorneys for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2)(A); Local Rule 26.7. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by Defendants. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

9

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendants' motion.

Your response to a motion for summary judgment must be filed within twenty one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendants' statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should Defendants file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations contained within the complaint. Should the Defendants' motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the

AO 72A
(Rev. 8/82)

Defendants' statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, the consequences are these: any factual assertions made in Defendants' affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 7th day of January, 2015.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)