# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### STATESBORO DIVISION

DEXTER SHAW,

       Plaintiff,

    v.

ROBERT TOOLE; DEPUTY WARDEN
JOHN PAUL; and MILTON SMITH,

       Defendants.

CIVIL ACTION NO.: CV614-048

## O R D E R

Presently before the Court are Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated July 27, 2015. (Doc. 65.) Defendants filed a Response to Plaintiff's Objections. (Doc. 67.) After an independent and *de novo* review of the entire record, the Court **OVERRULES** Plaintiff's Objections, (doc. 66), concurs with the Magistrate Judge's Report and Recommendation, **ADOPTS** the Report and Recommendation, as supplemented herein, as the opinion of the Court, **GRANTS** Defendants' Motion to Dismiss, (doc. 43), **DISMISSES** without prejudice Plaintiff's Complaint, as amended, and **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. Defendants' first Motion to Dismiss, (doc. 28), is **DISMISSED** as moot. Further, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal.

## I. Background

Plaintiff, who is currently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a cause of action on May 19, 2014, contesting certain conditions of his confinement while

he was housed at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) Plaintiff filed several Motions to Amend and Amended Complaints. (Docs. 10, 22, 33, 35, 53.) In his pleadings, Plaintiff asserted he is a Suma Muslim who adheres to Islam and its teachings, including the dietary prohibitions against eating chicken and other meats and meat byproducts. (Doc. 10, p. 2.) Plaintiff stated he signed up to receive vegan meals through the Georgia Department of Corrections' Alternative Entrée Program in 2009 based on his sincerely held religious beliefs, and he was approved for placement in this Program. Plaintiff alleged that he immediately informed Defendant Toole upon his transfer to Georgia State Prison of his dietary needs. However, Plaintiff maintained, he was not provided with trays containing foods which he could eat and which contained foods having adequate nutritional value. Plaintiff contended he was forced to eat around the meat and meat byproducts on his trays, which resulted in him being able to eat very little. (Id. at p. 3.) Plaintiff asserted he lost a significant amount of weight and became violently ill. Plaintiff also asserted he began refusing the trays because meat and meat byproducts were present, in violation of his religious requirements, on May 8, 2014. (Id. at p. 5.) Plaintiff alleged he had shoulder surgery on May 15, 2014, and his surgical wounds would not heal properly because he was not receiving adequate nutrition. In addition, Plaintiff alleged his liver and other organs were deteriorating because he was not getting nutritionally adequate food items. (Id. at p. 7.)

After the requisite frivolity review and several Orders were entered by this Court, Plaintiff's Complaint, as amended, ultimately was served on Defendants based on Plaintiff's free exercise of religion and Eighth Amendment claims. (Docs. 30, 31, 49.) Defendants moved for dismissal of Plaintiff's Complaint based on their assertions Plaintiff failed to exhaust his administrative remedies, Plaintiff did not state a claim for relief under the First Amendment, and

Plaintiff could not recover damages pursuant to 28 U.S.C. § 1915(g). (Doc. 43-1.) The Magistrate Judge recommended Defendants' Motion be granted based on Plaintiff's failure to exhaust his administrative remedies and that Plaintiff's Complaint be dismissed, without prejudice. Plaintiff filed Objections, and Defendants filed a Response. (Docs. 66, 67.)

## II.    Discussion

The Magistrate Judge correctly set forth and applied the law to Defendants' Motion, and the Court need not recite that discussion at length here. Nevertheless, the Court addresses certain aspects of Plaintiff's Objections.

Plaintiff once again states he filed grievances on March 18 and 27, 2014, and prison officials failed to adhere to the Georgia Department of Corrections' Standard Operating Procedure IIB05-0001. Plaintiff asserts these two (2) grievances do not appear on his grievance history printout, the grievance he filed on March 18, 2014, was not returned to him, despite Defendants' assertion to the contrary, and a counselor signed the grievance he submitted on March 27, 2014, which shows this grievance was taken from him and given to the grievance coordinator. (Doc. 66, p. 5.)

Plaintiff recognizes the Court's duty to accept his version of facts regarding exhaustion as true and then to resolve the parties' factual dispute as to the exhaustion issue. (Id. at pp. 2-3, 5-8.) However, Plaintiff's Objections reveal his displeasure with the Magistrate Judge's conclusion as to the parties' factual dispute. The Magistrate Judge correctly applied the law to the facts before the Court and resolved the parties' dispute. Turner v. Burnside, 541 F.3d 1079 (11th Cir. 2008). In conducting this analysis, the Magistrate Judge found Defendants' contentions to be supported by the record, whereas Plaintiff's version of events was contradicted by the record. (Doc. 65, pp. 9–12.)

The Court notes Plaintiff's assertion that he submitted a grievance on March 27, 2014, which was signed by counselor Ogden, yet this grievance does not appear on his grievance history. A review of this document reveals that this "grievance" does not appear to be written on a grievance form[1] and it was not assigned a grievance number. (Doc. 1-1, p. 12.) Even if this document is a copy of a grievance which was submitted to a counselor, there is no evidence before the Court that this document was submitted to the Grievance Coordinator or that it was destroyed, as Plaintiff maintains. The Court notes Plaintiff's assertion in this regard—that the grievance procedure was not followed as an attempt by Defendants to conceal their actions. The Court finds such an assertion to be clearly belied by the evidence before it. Plaintiff's disagreement with the Magistrate Judge's resolution of the parties' factual dispute is not a sufficient basis for the Court to reject the Magistrate Judge's recommended disposition. Plaintiff's Objection is **OVERRULED**.

## III. Conclusion

Plaintiff's Objections are without merit and are **OVERRULED**.[2] The Magistrate Judge's Report and Recommendation, (doc. 65), as supplemented herein, is **ADOPTED** as the opinion of the Court. Defendants' Motion to Dismiss, (doc. 43), is **GRANTED**. Plaintiff's Complaint, as amended, is **DISMISSED** without prejudice due to his failure to exhaust his administrative remedies. Defendants' first Motion to Dismiss, (doc. 28), is **DISMISSED** as moot. The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case.

---

[1] The quality of the filed document is not such that the Court can determine with any certainty that this document is what Plaintiff purports it to be.

[2] Plaintiff also objects to the Magistrate Judge's recommendation that he be denied *in forma pauperis* status on appeal because Plaintiff maintains any appeal he takes will be made in good faith. However, for the reasons stated above and in the Magistrate Judge's Report and Recommendation, this Court finds any appeal would not be taken in good faith and **OVERRULES** this Objection.

Further, for the reasons set forth in the Magistrate Judge's Report and Recommendation, Plaintiff is **DENIED** leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**, this 24th day of August, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA