# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

DEXTER SHAW,

    Plaintiff,

v.

ROBERT TOOLE; DEPUTY WARDEN
JOHN PAUL; and MILTON SMITH,

    Defendants.

CIVIL ACTION NO.: 6:14-cv-48

## ORDER and REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Motion to Proceed on Appeal in Forma Pauperis (doc. 73) and Motion to amend the same (doc. 75). For the reasons set forth below, I **RECOMMEND** that these Motions be **DISMISSED**. However, Plaintiff's Motion to Proceed on Appeal in Forma Pauperis should be construed as a Notice of Appeal and the Clerk of the Court should be directed to docket it as a Notice of Appeal.

## BACKGROUND

Plaintiff, Dexter Shaw, who is currently incarcerated at Valdosta State Prison in Valdosta, Georgia, filed a cause of action on May 19, 2014, contesting certain conditions of his confinement while he was housed at Georgia State Prison in Reidsville, Georgia. (Doc. 1.) The Court dismissed this action on August 24, 2015 for Plaintiff's failure to exhaust his administrative remedies. (Doc. 68.) In its Order of dismissal, the Court denied Plaintiff leave to appeal in forma pauperis. Id. Plaintiff then filed a Motion to Proceed on Appeal in Forma Pauperis in the Eleventh Circuit Court of Appeals on September 28, 2015. (Doc. 73.) Plaintiff

signed this pleading on September 16, 2015. (Id., p. 2.) However, because there is no appeal pending in the Eleventh Circuit, that Court forwarded Plaintiff's Motion to this Court for "whatever action you deem appropriate." (Id. at p. 1.) Plaintiff subsequently filed a Motion to Amend/Supplement his Motion to Proceed on Appeal in Forma Pauperis and a brief in support of the same. (Docs. 75, 76.)

## DISCUSSION

As noted above, this Court already denied Plaintiff leave to appeal in forma pauperis. Doc. 68. In its Order of dismissal, the Court specifically adopted the Magistrate Judge's conclusion that any appeal would not be taken in good faith. (Id. at p. 4 n.2); see also, Fed. R. App. P. 24(a)(3). To the extent Plaintiff seeks reconsideration of that ruling, I discern no good reason from Plaintiff's recent pleadings or otherwise to disturb the Court's prior Order.[1] Further, if Plaintiff disagrees with this Court's denial, he should seek leave to appeal in forma pauperis from the Court of Appeals. See Fed. R. App. P. 24(a)(5) (where the district court certifies that an appeal is not taken in good faith, petitioner/applicant may move the appellate court for leave to proceed IFP). For these reasons, to the extent Petitioner asks this Court for Leave to Proceed in Forma Pauperis on Appeal, I **RECOMMEND** that the Court **DENY** that request.

Even if Plaintiff were granted permission to proceed on appeal in forma pauperis, he would still be required to pay the appellate filing fee of $505.00.[2] While Plaintiff's instant

---

[1] "Reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." Spencer v. St. Joseph's/Candler Health Sys., Inc., 2007 WL 1615117 at * 2 (S.D. Ga. June 4, 2007) (citing Jersawitz v. People TV, 71 F.Supp.2d 1330, 1344 (N.D.Ga.1999)). None of those circumstances exist here.

[2] 28 U.S.C. § 1915(b)(1) could be read to require the assessment of appellate filing fees and the collection thereof from a prisoner's trust fund account at the time he files a notice of appeal or the consent to collection of fees. However, that statute provides for the collection of fees if a prisoner "files an appeal in forma pauperis." 28 U.S.C. § 1915(b)(1). Because this Court had denied Plaintiff leave to appeal in

2

motion includes an affidavit, it does not reference an appeal much less the $505.00 filing fee. Additionally, Plaintiff must submit a certified copy of his prison trust fund account for the six months preceding the filing of his Notice of Appeal. 28 U.S.C. § 1915(a)(2). The Clerk of the Court is **DIRECTED** to include a copy of these required forms with the Plaintiff's service copy of this Order.

Though the Court should not disturb its prior rulings, Plaintiff's Motion to Proceed on Appeal in Forma Pauperis should be construed as a Notice of Appeal. To appeal this Court's ruling, Plaintiff was required to file a Notice of Appeal in this Court within thirty days of the Court's Order and Judgment. Fed. R. App. P. 4.(a)(1). However, because Plaintiff is an inmate, a notice of appeal is deemed "timely filed if it is deposited in the institution's internal mail system on or before the last day for filing." Fed. R. App. 4(c)(1). The Court must assume that Plaintiff deposited the motions in the prison's mail system on the date he signed it. Moore v. Frazier, 605 F. App'x 863, 865 (11th Cir. 2015). Moreover, if a party mistakenly files a notice of appeal in the Court of Appeals, the notice should be forwarded to the District Court and then considered filed in the district court on the date received by the Court of Appeals. Fed. R. App. 4(d). Additionally, the Eleventh Circuit has held that motions to proceed in form pauperis on appeal "are the equivalent of a notice of appeal so long as they 'clearly evince the intent to appeal.'" Moore v. Frazier, 605 F. App'x 863, 865 (11th Cir. 2015) (quoting Haney v. Mizell Mem'l Hosp., 744 F.2d 1467, 1472 (11th Cir.1984)).

These principles should combine to excuse Plaintiff, a pro se litigant, from failing to file a notice of appeal in this Court within the time period for filing an appeal. Plaintiff signed his

---

forma pauperis, it appears Plaintiff has not "file[d] an appeal in forma pauperis." See 28 U.S.C. 1915(a)(3) "an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Giving Plaintiff the benefit of the ambiguity, the Court should not assess the appellate filing fees unless this Court or the Court of Appeals grants Plaintiff leave to appeal in forma pauperis or the Court of Appeals otherwise directs the Court to assess the fees.

original Motion to Proceed in Forma Pauperis on September 16, 2015, well within the thirty day period following this Court's Order of dismissal. While that pleading was filed in the Eleventh Circuit Court of Appeals, it was forwarded to this Court and can be construed as filed in this Court under Federal Rule of Appellate Procedure 4(d). Moreover, through this pleading, Plaintiff clearly evinces his intent to appeal this Court's ruling. Consequently, I **RECOMMEND** that the Court direct the Clerk of Court to construe Plaintiff's Motion to Proceed on Appeal in Forma Pauperis (doc. 73) as a Notice of Appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Motion to Proceed on Appeal in Forma Pauperis (doc. 73) and Motion to amend the same (doc. 75). However, I also **RECOMMEND** that the Court construe Plaintiff's Motion to Proceed on Appeal in Forma Pauperis as a Notice of Appeal and direct the Clerk of the Court to docket it as such.

Any party seeking to object to this Report and Recommendation is ORDERED to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the undersigned failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made

herein.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.

**SO ORDERED**, **REPORTED and RECOMMENDED**, this 16th day of November, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA